UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA ABRAHAM,<br><br>            Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>            Defendant. | Case No. ED CV 13-0878-PJW<br><br>MEMORANDUM OPINION AND ORDER |

### I.  INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI").  She claims that the Administrative Law Judge ("ALJ") erred when he failed to consider the opinion of an examining psychiatrist and when he discounted Plaintiff's testimony and the testimony of her husband and daughter. For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

### II.  SUMMARY OF PROCEEDINGS

In November 2008, Plaintiff applied for SSI, alleging that she had been disabled since August 2006, due to bipolar disorder,

depression, anxiety, and obsessive-compulsive disorder. (Administrative Record ("AR") 124, 125, 579-82.) Her application was denied initially and on reconsideration and she requested and was granted a hearing before an ALJ. In June 2010, she appeared with counsel and testified at the hearing. (AR 24-57.) In August 2010, the ALJ issued a decision denying benefits. (AR 7-20.) She then sought review by the Appeals Counsel, but her request was denied. Thereafter, she commenced an action in this court.

In 2012, the Court remanded the case to the Agency to allow it to reconsider the opinion of examining psychiatrist Ernest Bagner. On remand, a different ALJ held a hearing in January 2013 and issued a decision, also concluding that Plaintiff was not disabled. (AR 376-415, 470-85.) Plaintiff appealed to the Appeals Council, which again denied review. She then filed a second action in this court. The parties subsequently stipulated to a remand because the Agency was unable to find the transcript from the January 2013 administrative hearing. (AR 468.)

On February 12, 2014, a third ALJ held a third hearing. (AR 333-75.) On March 27, 2014, he issued a decision denying benefits. (AR 313-26.) Plaintiff appealed to the Appeals Council, which denied review. Thereafter, she filed the instant action.

### III.   ANALYSIS

A. <u>The ALJ's Finding that Plaintiff was not Credible</u>

In December 2008, Plaintiff filled out a form in which she explained that she suffered from crippling anxiety and fearfulness around people, would often forget what she was doing, and did not like to go far from home. (AR 140, 144, 146.) She also reported that she was able to get her kids up, make breakfast for them, take them to

school, do chores around the house (including laundry, washing floors, and cleaning the tub), walk outside, drive, handle money, and go to therapy once a week. (AR 139, 141-43, 145.) She did not report any physical limitations on the form.

At the February 2014 administrative hearing, Plaintiff testified that she could not work because her medication made her sleepy, being around people made her anxious, and she suffered from bipolar episodes. (AR 348-49.) She also testified that she could not do a lot of lifting because of her back and that she was no longer able to help as much with her children or in cleaning the house as she had three or four years before. (AR 350-51.) She explained that on "bad" days she would be so depressed she did not go out or do anything. (AR 352-53.)

The ALJ discounted this testimony because he believed it was inconsistent with the objective medical evidence and because Plaintiff's daily activities suggested that she could work. (AR 321.) For the following reasons, the Court concludes that the ALJ erred.

ALJs are tasked with judging a claimant's credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In doing so, they can rely on ordinary credibility techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Where there is no evidence of malingering, however, ALJs can only reject a claimant's testimony for specific, clear, and convincing reasons that are supported by substantial evidence in the record. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

The ALJ found that Plaintiff's testimony was "inconsistent with the objective medical evidence." (AR 321.) Although this is a valid reason for questioning a claimant's testimony, *see Rollins v. Massa-*

*nari*, 261 F.3d 853, 857 (9th Cir. 2001), the ALJ failed to explain what testimony he was referring to and how it was undermined by the objective medical evidence. Nor did his analysis of the medical evidence that followed suffice. As such, this reason is rejected. *See Brown-Hunter v. Colvin*, __ F.3d ___, 2015 WL 4620123 (9th Cir., Aug. 4, 2015) (reversing ALJ's credibility finding because ALJ failed to explain what testimony was undermined by what evidence and ALJ's discussion of the medical evidence that followed was not a substitute for that analysis).

The ALJ's second reason for questioning Plaintiff's claims of disabling impairment was that she could perform a number of daily activities despite her professed limitations such as cooking, doing laundry, driving, walking her children to school, and attending church. (AR 321.) The ALJ found that the physical and mental requirements needed to perform these activities "replicated those necessary for obtaining and maintaining employment." (AR 321.)

The Court disagrees. The activities as described by Plaintiff do not support the ALJ's finding that they are transferable to a work setting, nor do they establish that she spends a "substantial" part of her day engaged in transferable skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). At the 2014 hearing, Plaintiff testified that she could not work at a job for eight hours a day because her medication made her too tired. (AR 350.) She also testified that she did little more than oversee her children when they got ready for school and that they cleaned up after themselves. (AR 351.) She further testified that she did not go shopping on "bad" days and that she would typically go to get groceries at "4:00 in the morning," when no one else was around. (AR 352-53.) The ALJ did not account for

these comments in finding that Plaintiff's daily activities would permit her to maintain regular employment.

Because the ALJ's credibility finding is not backed by specific and legitimate reasons that are supported by substantial evidence in the record, it is reversed. On remand, the ALJ should take another look at the credibility issue.[1]

B.   The Lay Witness Testimony

    1.   The Husband's Testimony

Plaintiff contends that the ALJ also erred in failing to properly consider her husband's testimony. At the first administrative hearing in June 2010, he testified that Plaintiff could not work because she was depressed, could not stay focused, was afraid to drive, did not sleep well at night, and was unable to leave the house due to her anxiety. (AR 47-48, 50-51, 52.) The ALJ failed to address this testimony. This was error. *See Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1053-54 (9th Cir. 2006) (holding ALJ's failure to address lay witness testimony is error). Moreover, it is not clear whether a reasonable ALJ would have found Plaintiff disabled after fully crediting the husband's testimony. Thus, the Court concludes

---

[1] Plaintiff asks the Court to credit her testimony as true and order the Agency to award benefits. (Joint Stip. at 32.) The Court recognizes that it has the power to do so and is aware that the case has already been remanded twice--once by the Court and once by stipulation of the parties. Nevertheless, it is not clear from the record whether Plaintiff is disabled and, therefore, entitled to benefits. *See Garrison*, 759 F.3d at 1020 (noting district court can only remand for benefits when record has been fully developed, further proceedings would serve no purpose, and ALJ would be required to find claimant disabled on remand). Though the Court has overruled the ALJ's credibility finding, it has not concluded that Plaintiff is credible. Rather, it has concluded that the ALJ did not cite sufficient reasons for rejecting Plaintiff's testimony and must take another look at the issue on remand.

that the error is not harmless. *See, e.g., Stout*, 454 F.3d at 1053-54 (holding failure to consider lay testimony not harmless unless it is clear that testimony would not impact disability decision). On remand, the ALJ should consider the husband's testimony.

### 2. The Daughter's Testimony

Plaintiff's daughter completed a questionnaire in December 2008 in which she reported that Plaintiff was able to look after the children, cook, and clean, but was not able to work or go to school. (AR 131-32.) She also reported that Plaintiff would sometimes yell at people around her and was afraid to travel long distances. (AR 137.) The ALJ rejected this testimony based on the fact that the daughter was not a medical professional, she was biased due to her relationship with Plaintiff, and her statements were not supported by the medical evidence. (AR 321.) This last reason for discounting the testimony was a valid one, *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), and is supported by some of the medical evidence. As such, the ALJ did not err here. Further, assuming that the ALJ had erred in discounting the daughter's testimony, any error was harmless in that, even if the daughter's statements were fully credited, no reasonable ALJ would have found Plaintiff disabled based on the daughter's general observations about Plaintiff's condition and her lay opinion that Plaintiff could not work as a result of her impairments.[2] *Stout*, 454 F.3d at 1053-54.

---

[2] The ALJ should not have presumed bias based on the fact that Plaintiff and her daughter were related. *Regennitter v. Comm'r Soc. Sec.*, 166 F.3d 1294, 1298 (9th Cir. 1999). Nor should he have dismissed the daughter's testimony in toto because she was not a medical professional. *See Smith v. Bowen*, 849 F.2d 1222, 1226 (9th Cir. 1988).

C.   The Examining Opinion

Plaintiff contends that the ALJ erred by failing to properly consider the 2010 opinion of examining psychiatrist Ernest Bagner. Dr. Bagner opined that Plaintiff would have moderate-to-marked limitations in completing a normal work week. (Joint Stip. at 6-19; AR 275.) Plaintiff notes that the Court previously remanded the case to the Agency on this issue and maintains that Dr. Bagner's opinion has yet to be properly considered by the Agency. (Joint Stip. at 7.) For the reasons set forth below, this issue is remanded for further consideration contingent on the ALJ's finding regarding Plaintiff's credibility.

The ALJ discounted Dr. Bagner's opinion because: (1) he had not reviewed all the records; (2) his opinion was based on a single examination, and (3) his opinion was based in large measure on Plaintiff's subjective complaints, which the ALJ discounted. (AR 323-24.) For the reasons explained above, however, the Court is remanding the credibility issue to the ALJ for further consideration. Should the ALJ determine that Plaintiff is credible, he will need to reassess the medical evidence and determine whether the remaining reasons are enough to warrant discounting Dr. Bagner's opinion. If not, he need not do so.[3]

---

[3] ALJs may reject a treating doctor's opinion that is based on the incredible claims of the claimant. *Batson v. Comm'r Soc. Security*, 359 F.3d 1190, 1195 (9th Cir. 2004). A doctor's opinion is also subject to attack where the doctor failed to review objective medical data and reports from other doctors. *Bayliss*, 427 F.2d at 1217. The fact that a doctor only saw a claimant once, however, is generally not a sufficient reason to question the doctor's opinion--particularly where, as here, the ALJ relied on a doctor who never examined the claimant--though it can play a role in the ALJ's analysis. *See Kezeli v. Astrue*, 2012 WL 5929929, at *3 (C.D. Cal. Nov. 26, 2012).

IV. CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: August 11, 2015.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\ABRAHAM, G 878\Memo Opinion and Order.wpd